# EXHIBIT 3



Perkins Coie LLP
700 13th Street, N.W.
Suite 800
Washington, D.C. 20005-3960

T. +1.202.654.6200
F. +1.202.654.6211
perkinscoie.com

March 19, 2025

John K. Roche
JRoche@perkinscoie.com
D. +1.202.434.1627
F. +1.202.654.6211

**VIA EMAIL**

Nicholas Inns
Quinn Emanuel Urquhart & Sullivan LLP
1300 I St NW, Suite 900
Washington, DC 20005
202-774-6147
nicholasinns@quinnemanuel.com

**Re:** Subpoena to Meta Platforms, Inc.
*Jones et al., v. Abel et al.*, No. 1:25-cv-00779 (S.D.N.Y.)

Dear Nicholas:

We represent Meta Platforms, Inc. (Meta) and write in response to your subpoena in the above-referenced matter. For the reasons below, Meta objects to the subpoena in its entirety. Please contact me to meet and confer if you disagree with any of our objections.

First, Meta objects to the subpoena to the extent it seeks information about an anonymous Meta user without first obtaining an appropriate court order as required by the First Amendment. *See Smythe v. Does 1-10*, No. 15-mc-80292-LB, 2016 WL 54125 (N.D. Cal. Jan. 5, 2016) (denying the motion to enforce a subpoena against Twitter where movant failed to overcome user's First Amendment right to anonymous speech). Before a subpoena can issue to a service provider like Meta for information regarding the identity of an anonymous internet user, the party seeking the information must first "persuade[] the court that there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff." *Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (citing *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005)); *Mirza v. Yelp, Inc.,* No. 21-MC-621, 2021 WL 3772039, at *1-2 (S.D.N.Y. Aug. 25, 2021).[1]

Second, to the extent you believe a defendant or interested party may be associated with the page at issue, the subpoena imposes an undue burden on non-party Meta if you have not first attempted to obtain this information from those individuals. *See Alcon Vision, LLC v. Allied Vision Group, Inc.*, 19 Misc. 384 (AT), 2019 WL 4242040, at *2 (S.D.N.Y. Sept. 6, 2019)

---

[1] To the extent you seek information about an anonymous non-party witness, you must establish (1) the subpoena seeking the information was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source. *See In re Pinterest, Inc.,* 671 F. Supp. 3d 1022, 1025 (N.D. Cal. 2023).

Page 2

(quashing subpoena that sought information that could be obtained from defendants in discovery). Facebook users can obtain their account records as described at https://www.facebook.com/help/212802592074644/.

       Please contact me to meet and confer if you disagree with the objections above. If you seek to enforce the subpoena, you must do so in the U.S. District Court for the Northern District of California. *See* Fed. R. Civ. P. 37(a)(2), 45(c)(2)(A), (d)(2)(B)(i); *see also Moore v. Pooches of Alrgo, Inc.,* No. 8:20-cv-2184, 2023 WL 2584466, at *2 (M.D. Fla. Mar. 21, 2023) ("The district of compliance for a nonparty corporation is where the corporation is headquartered" and "[t]o that end, any motion practice involving [a nonparty] related to the Subpoena must be brought in the [federal district where they are headquartered]."); *Europlay Capital Advisors, LLC, et al. v. Does*, 323 F.R.D. 628, 629-30 (C.D. Cal. 2018) ("despite Google having an office in Venice, the proper district to hear a motion to compel is where Google is headquartered.") (collecting cases).

       Meta does not waive and expressly reserves its right to assert any additional objections.

       Sincerely,

John Roche