# EXHIBIT 5



Perkins Coie LLP
405 Colorado Street
Suite 1700
Austin, TX 78701-0089

T. +1.737.256.6100
F. +1.737.256.6300
perkinscoie.com

March 21, 2025

Alfredo Alan Garza
AGarza@perkinscoie.com
D. +1.737.256.6212
F. +1.737.256.6300

**VIA EMAIL**

J. Anthony King
767 South Alameda Street, Suite 270
Los Angeles, CA 90021
anthony@umklaw.com

**Re:**    Subpoena to Pinterest, Inc.
*Jones et al., v. Abel et al.*, No. 1:25-cv-00779 (S.D.N.Y.)

Dear Mr. King:

We represent Pinterest, Inc. (Pinterest) and write in response to your subpoena in the above-referenced matter. For the reasons below, Pinterest objects to the subpoena in its entirety. Please contact me to meet and confer if you disagree with any of our objections.

First, Pinterest's headquarters is in San Francisco, California, but the subpoena demands compliance more than 100 miles from San Francisco and is therefore invalid under Fed. R. Civ. P. 45(c)(2)(A).[1] *See Ortiz v. Harrell,* No. 21-14219-CIV, 2022 WL 457856, at *4 (S.D. Fla. Feb. 14, 2022) ("For non-party corporations, courts find that 'the place of compliance' is where a corporation is headquartered."); *Nicolosi v. BRG Sports, Inc.,* No. 16 CV 2910 (SJ), 2019 WL 8158470, at *2 (E.D.N.Y. Dec. 23, 2019) ("Target's principal place of business is located in Minnesota. Therefore, while the subpoena properly issued from this Court, Target would only be required to produce responsive documents within 100 miles of Target's business location."). As a practical matter, we can resolve this objection if you agree that any litigation with Pinterest regarding the subpoena would occur in the U.S. District Court for the Northern District of California.

Second, Pinterest objects to requests 1 and 3 to the extent they seek information about an anonymous Pinterest user without first obtaining an appropriate court order as required by the First Amendment. *See Smythe v. Does 1-10*, No. 15-mc-80292-LB, 2016 WL 54125 (N.D. Cal. Jan. 5, 2016) (denying the motion to enforce a subpoena against Twitter where movant failed to overcome user's First Amendment right to anonymous speech). Before a subpoena can issue to a service provider like Pinterest for information regarding the identity of an anonymous internet user, the party seeking the information must first "persuade[] the court that there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff." *Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (citing *Highfields Capital Mgmt., L.P. v. Doe*,

---

[1] An email address is not a proper place of compliance. *See CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 710 (N.D. Tex. 2017) ("an email address does not qualify as a location or place where compliance is required under Rule 45, although the subpoenaing party and the subpoenaed person could agree to production by electronic means").

March 21, 2025
Page 2

385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005)); *Mirza v. Yelp, Inc.,* No. 21-MC-621, 2021 WL 3772039, at *1-2 (S.D.N.Y. Aug. 25, 2021).[2]

Third, to the extent you believe a defendant may be associated with the account at issue, each of the requests in the subpoena impose an undue burden on non-party Pinterest if you have not first attempted to obtain this discovery from defendants. *See Alcon Vision, LLC v. Allied Vision Group, Inc.*, 19 Misc. 384 (AT), 2019 WL 4242040, at *2 (S.D.N.Y. Sept. 6, 2019) (quashing subpoena that sought information that could be obtained from defendants in discovery).

Fourth, all discovery requests must be relevant to a claim or defense, proportional to the needs of the case, and not a mere fishing expedition. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); *United States v. UBS Securities LLC*, No. 1:18-CV-6369 (RPK)(PK), 2020 WL 7062789, at *3 (E.D.N.Y. Nov. 30, 2020) ("The party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition."). Pinterest therefore objects to requests 1-2 absent further information regarding the relevance of those requests to the claims or defenses in this matter.

Finally, Pinterest objects to request 2 insofar as it seeks Pinterest's publicly available terms of service and agreements with users. *See Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1218 (N.D. Cal. 2015) (quashing subpoena to non-party service provider for publicly available policies) (citing *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010) (taking judicial notice of Microsoft website describing software policies).

Please contact me to meet and confer if you disagree with any of Pinterest's objections. If you seek to enforce the subpoena, you must do so in the U.S. District Court for the Northern District of California. *See* Fed. R. Civ. P. 37(a)(2), 45(c)(2)(A), (d)(2)(B)(i); *see also Moore v. Pooches of Alrgo, Inc.,* No. 8:20-cv-2184, 2023 WL 2584466, at *2 (M.D. Fla. Mar. 21, 2023) ("The district of compliance for a nonparty corporation is where the corporation is headquartered" and "[t]o that end, any motion practice involving [a nonparty] related to the Subpoena must be brought in the [federal district where they are headquartered]."); *Europlay Capital Advisors, LLC, et al. v. Does*, 323 F.R.D. 628, 629-30 (C.D. Cal. 2018) ("despite Google having an office in Venice, the proper district to hear a motion to compel is where Google is headquartered.") (collecting cases).

Pinterest does not waive and expressly reserves its right to assert any additional objections.

---

[2] To the extent you seek information about an anonymous non-party witness, you must establish (1) the subpoena seeking the information was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source. *See In re Pinterest, Inc.,* 671 F. Supp. 3d 1022, 1025 (N.D. Cal. 2023).

March 21, 2025
Page 3

Sincerely,

Alan Garza