# EXHIBIT 9

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE JONES, JONESWORKS LLC, | Civ. Action No. 1:25-cv-00779-LJL |
| Plaintiffs, | **DEFENDANT MELISSA NATHAN'S ANSWER TO COMPLAINT AND JURY TRIAL DEMAND** |
| v. | |
| JENNIFER ABEL, MELISSA NATHAN, JUSTIN BALDONI, WAYFARER STUDIOS LLC, and JOHN DOES 1-10, | |
| Defendants. | |

Defendant Melissa Nathan ("Nathan" or "Defendant"), by and through her undersigned counsel, hereby answers, for herself alone and no others, the Complaint of Plaintiffs Stephanie Jones ("Jones") and Jonesworks LLC ("Jonesworks") (together with Jones, "Plaintiffs") as follows:

## THE COMPLAINT'S ALLEGATIONS

1.     Answering the allegations in paragraph 1 of the Complaint, Defendant denies such allegations.

2.     Answering the allegations in paragraph 2 of the Complaint, Defendant admits that Jones is engaged in the field of public relations; and that Jonesworks has represented Justin Baldoni ("Baldoni") and Wayfarer Studios LLC ("Wayfarer"). As to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

3.     Answering the allegations in paragraph 3 of the Complaint, Defendant admits that Baldoni produced, directed, and co-starred in the film *It Ends With Us*; and that she was engaged

1

to assist with crisis public relations. As to all remaining allegations, Defendant denies such allegations.

4.      Answering the allegations in paragraph 4 of the Complaint, Defendant admits the allegation that she sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

5.      Answering the allegations in paragraph 5 of the Complaint, Defendant denies the allegation that avarice was her motivation in working with Baldoni. As to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

6.      Answering the allegations in paragraph 6 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

7.      Answering the allegations in paragraph 7 of the Complaint, Defendant admits that she and Jennifer Abel ("Abel") were working to protect Baldoni from negative press attention; and that she and Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

8.      Answering the allegations in paragraph 8 of the Complaint, Defendant denies the allegation that she closely coordinated with Katie Warren ("Warren"). As to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

9.      Answering the allegations in paragraph 9 of the Complaint, Defendant admits the allegation that she sent the communications containing the text set forth in that paragraph.

Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

10.    Answering the allegations in paragraph 10 of the Complaint, Defendant admits the allegation that she and Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

11.    Answering the allegations in paragraph 11 of the Complaint, Defendant admits the allegation that she and Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

12.    Answering the allegations in paragraph 12 of the Complaint, Defendant admits the allegation that she and Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

13.    Answering the allegations in paragraph 13 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

14.    Answering the allegations in paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the preservation and examination of Abel's company-issued phone, as well as the subpoenaing of the phone's contents. As to all remaining allegations, Defendant denies such allegations.

15.    Answering the allegations in paragraph 15 of the Complaint, Defendant states that no response is required because the allegations assert a legal conclusion, to the extent Plaintiffs

allege that Abel has defamed Jones. As to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

16.     Answering the allegations in paragraph 16 of the Complaint, Defendant denies such allegations.

17.     Answering the allegations in paragraph 17 of the Complaint, Defendant admits the allegation that Jonesworks is a Delaware limited liability company; and that it was founded in and has its principal place of business in New York, New York. As to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

18.     Answering the allegations in paragraph 18 of the Complaint, Defendant admits the allegation that Jones is the founder and CEO of Jonesworks. As to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

19.     Answering the allegations in paragraph 19 of the Complaint, Defendant states that no response is required because the allegations assert a legal conclusion, to the extent Plaintiffs allege that Abel was terminated for cause by Jonesworks. As to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

20.     Answering the allegations in paragraph 20 of the Complaint, Defendant admits that she resides in Los Angeles, California; that she provides crisis management and communications services; and that she launched The Agency Group PR LLC in or around January 2024. Defendant denies all of the remaining allegations in the paragraph.

21.     Answering the allegations in paragraph 21 of the Complaint, Defendant admits that Baldoni is a professional actor and director, and is a co-founder and co-chairman of Wayfarer; and that Baldoni was the director and co-star of the film *It Ends With Us*. Defendants denies that Baldoni was a producer of the Film and, as to all remaining allegations, lacks knowledge or information sufficient to form a belief as to the truth of such allegations

22.     Answering the allegations in paragraph 22 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

23.     Answering the allegations in paragraph 23 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

24.     Answering the allegations in paragraph 24 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

25.     Answering the allegations in paragraph 25 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

26.     Answering the allegations in paragraph 26 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

27.     Answering the allegations in paragraph 27 of the Complaint, Defendant admits that Jones is engaged in the field of public relations; and that Jones is the founder, president, and owner of Jonesworks. As to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

28.     Answering the allegations in paragraph 28 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

29.     Answering the allegations in paragraph 29 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

30.     Answering the allegations in paragraph 30 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

31.     Answering the allegations in paragraph 31 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

32.     Answering the allegations in paragraph 32 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

33.     Answering the allegations in paragraph 33 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

34.     Answering the allegations in paragraph 34 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

35.     Answering the allegations in paragraph 35 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

36.     Answering the allegations in paragraph 36 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

37.     Answering the allegations in paragraph 37 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

38.     Answering the allegations in paragraph 38 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

39.     Answering the allegations in paragraph 39 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

40.     Answering the allegations in paragraph 40 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

41.     Answering the allegations in paragraph 41 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

42.     Answering the allegations in paragraph 42 of the Complaint, Defendant admits such allegations.

43.     Answering the allegations in paragraph 43 of the Complaint, Defendant admits that she was not retained by Jonesworks in 2022. Defendant denies all of the remaining allegations in the paragraph.

44.     Answering the allegations in paragraph 44 of the Complaint, Defendant denies such allegations.

45.     Answering the allegations in paragraph 45 of the Complaint, Defendant admits such allegations.

46.     Answering the allegations in paragraph 46 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

47.     Answering the allegations in paragraph 47 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

48.     Answering the allegations in paragraph 48 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

49.     Answering the allegations in paragraph 49 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

50.     Answering the allegations in paragraph 50 of the Complaint, Defendant denies such allegations.

51.     Answering the allegations in paragraph 51 of the Complaint, Defendant denies such allegations.

52.    Answering the allegations in paragraph 52 of the Complaint, Defendant admits the allegation that Justin Baldoni ("Baldoni") was provided with the confidential scenario planning memorandum set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the document and its context are characterized accurately in the Complaint.

53.    Answering the allegations in paragraph 53 of the Complaint, Defendant denies such allegations, and specifically denies that the document and its context are characterized accurately in the Complaint.

54.    Answering the allegations in paragraph 54 of the Complaint, Defendant admits the allegation that she received Abel's communication containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communication and its context are characterized accurately in the Complaint.

55.    Answering the allegations in paragraph 55 of the Complaint, Defendant admits the allegation that she and Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

56.    Answering the allegations in paragraph 56 of the Complaint, Defendant denies such allegations.

57.    Answering the allegations in paragraph 57 of the Complaint, Defendant denies such allegations.

58.    Answering the allegations in paragraph 58 of the Complaint, Defendant denies such allegations.

59.    Answering the allegations in paragraph 59 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

60.    Answering the allegations in paragraph 60 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

61.    Answering the allegations in paragraph 61 of the Complaint, Defendant denies such allegations.

62.    Answering the allegations in paragraph 62 of the Complaint, Defendant admits the allegation that she and Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

63.    Answering the allegations in paragraph 63 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

64.    Answering the allegations in paragraph 64 of the Complaint, Defendant admits the allegation that she sent a communication containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communication and its context are characterized accurately in the Complaint.

65.    Answering the allegations in paragraph 65 of the Complaint, Defendant admits the allegation that she and Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

66.    Answering the allegations in paragraph 66 of the Complaint, Defendant denies the allegation that there was any scheme and that "really good money" was a "motivating force"

10

behind this alleged scheme. As to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

67.     Answering the allegations in paragraph 67 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

68.     Answering the allegations in paragraph 68 of the Complaint, Defendant admits that the *Daily Mail* published the article cited in that paragraph. Defendant denies all of the remaining allegations in the paragraph.

69.     Answering the allegations in paragraph 69 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

70.     Answering the allegations in paragraph 70 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

71.     Answering the allegations in paragraph 71 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

72.     Answering the allegations in paragraph 72 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

73.     Answering the allegations in paragraph 73 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

74.     Answering the allegations in paragraph 74 of the Complaint, Defendant admits that the *Daily Mail* published the article cited in that paragraph. Defendant denies all of the remaining allegations in the paragraph.

75.     Answering the allegations in paragraph 75 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

76.    Answering the allegations in paragraph 76 of the Complaint, Defendant denies such allegations.

77.    Answering the allegations in paragraph 77 of the Complaint, Defendant admits the allegation that she and Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

78.    Answering the allegations in paragraph 78 of the Complaint, Defendant denies that she fed information to Katie Warren ("Warren") to ensure that she moved forward with the article and that it was sufficiently critical of jones. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

79.    Answering the allegations in paragraph 79 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

80.    Answering the allegations in paragraph 80 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

81.    Answering the allegations in paragraph 81 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

82.    Answering the allegations in paragraph 82 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

83.    Answering the allegations in paragraph 83 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

84.    Answering the allegations in paragraph 84 of the Complaint, Defendant admits the allegation that she sent a communication containing the text set forth in that paragraph. Defendant

denies all of the remaining allegations in the paragraph, and specifically denies that the communication and its context are characterized accurately in the Complaint.

85.    Answering the allegations in paragraph 85 of the Complaint, Defendant admits the allegation that she and Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

86.    Answering the allegations in paragraph 86 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

87.    Answering the allegations in paragraph 87 of the Complaint, Defendant admits that she received a link from Abel to *Business Insider* article referenced in that paragraph. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

88.    Answering the allegations in paragraph 88 of the Complaint, Defendant admits that *Business Insider* published the article cited in that paragraph. As to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

89.    Answering the allegations in paragraph 89 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

90.    Answering the allegations in paragraph 90 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

91.    Answering the allegations in paragraph 91 of the Complaint, Defendant admits that *Business Insider* published the article cited in that paragraph. Defendant denies all of the remaining allegations in the paragraph.

92.     Answering the allegations in paragraph 92 of the Complaint, Defendant denies that she acted in concert with John Does 1-10. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

93.     Answering the allegations in paragraph 93 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

94.     Answering the allegations in paragraph 94 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

95.     Answering the allegations in paragraph 95 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

96.     Answering the allegations in paragraph 96 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

97.     Answering the allegations in paragraph 97 of the Complaint, Defendant admits the allegation that she and Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

98.     Answering the allegations in paragraph 98 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

99.     Answering the allegations in paragraph 99 of the Complaint, Defendant admits the allegation that she and Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

100.    Answering the allegations in paragraph 100 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

101.    Answering the allegations in paragraph 101 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

102.    Answering the allegations in paragraph 102 of the Complaint, Defendant admits the allegation that she and Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

103.    Answering the allegations in paragraph 103 of the Complaint, Defendant admits the allegation that she and Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

104.    Answering the allegations in paragraph 104 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

105.    Answering the allegations in paragraph 105 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

106.    Answering the allegations in paragraph 106 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

107.    Answering the allegations in paragraph 107 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

108.    Answering the allegations in paragraph 108 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

109.    Answering the allegations in paragraph 109 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

110.    Answering the allegations in paragraph 110 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

111.    Answering the allegations in paragraph 111 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

112.    Answering the allegations in paragraph 112 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

113.    Answering the allegations in paragraph 113 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

114.    Answering the allegations in paragraph 114 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

115.    Answering the allegations in paragraph 115 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

116.    Answering the allegations in paragraph 116 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

117.    Answering the allegations in paragraph 117 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

118.    Answering the allegations in paragraph 118 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

119.    Answering the allegations in paragraph 119 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

120.    Answering the allegations in paragraph 120 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

121.    Answering the allegations in paragraph 121 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

122.    Answering the allegations in paragraph 122 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

123.    Answering the allegations in paragraph 123 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

124.    Answering the allegations in paragraph 124 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

125.    Answering the allegations in paragraph 125 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

126.    Answering the allegations in paragraph 126 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

127.    Answering the allegations in paragraph 127 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

128.    Answering the allegations in paragraph 128 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

129.    Answering the allegations in paragraph 129 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

130.    Answering the allegations in paragraph 130 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

131.    Answering the allegations in paragraph 131 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

132.    Answering the allegations in paragraph 132 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

133.    Answering the allegations in paragraph 133 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

134.    Answering the allegations in paragraph 134 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

135.    Answering the allegations in paragraph 135 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

136.    Answering the allegations in paragraph 136 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

137.    Answering the allegations in paragraph 137 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

138.    Answering the allegations in paragraph 138 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

139.    Answering the allegations in paragraph 139 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

140.    Answering the allegations in paragraph 140 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

141.    Answering the allegations in paragraph 141 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

142.    Answering the allegations in paragraph 142 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

143.    Answering the allegations in paragraph 143 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

144.    Answering the allegations in paragraph 144 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

145.    Answering the allegations in paragraph 145 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

146.    Answering the allegations in paragraph 146 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

147.    Answering the allegations in paragraph 147 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

148.    Answering the allegations in paragraph 148 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

149.    Answering the allegations in paragraph 149 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

150.    Answering the allegations in paragraph 150 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

151.    Answering the allegations in paragraph 151 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

152.    Answering the allegations in paragraph 152 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

153.    Answering the allegations in paragraph 153 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

154.    Answering the allegations in paragraph 154 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

155.    Answering the allegations in paragraph 155 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

156.    Answering the allegations in paragraph 156 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

157.     Answering the allegations in paragraph 157 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

158.     Answering the allegations in paragraph 158 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

159.     Answering the allegations in paragraph 159 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

160.     Answering the allegations in paragraph 160 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

161.     Answering the allegations in paragraph 161 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

162.     Answering the allegations in paragraph 162 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

163.     Answering the allegations in paragraph 163 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

164.    Answering the allegations in paragraph 164 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

165.    Answering the allegations in paragraph 165 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

166.    Answering the allegations in paragraph 166 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

167.    Answering paragraph 167 of the Complaint, the paragraph requires no response as it states relief sought and is not an allegation. To the extent the paragraph requires a response, Defendant denies.

168.    Answering paragraph 168 of the Complaint, the paragraph requires no response as it states relief sought and is not an allegation. To the extent the paragraph requires a response, Defendant denies.

<u>**AFFIRMATIVE AND OTHER DEFENSES**</u>

By alleging the following affirmative and other defenses, Defendant is not in any way agreeing or conceding that she has the burden of proof or burden of persuasion on any of these issues. As separate and distinct defenses to Plaintiffs' Complaint, and each purported cause of action contained therein, Defendant alleges as follows:

<u>**FIRST DEFENSE**</u>

169.    The Complaint, and each claim alleged therein, fails to state facts sufficient to constitute any claim for relief against Defendant.

23

## SECOND DEFENSE

170.    The Complaint, and each claim alleged therein, is barred as Plaintiffs lack standing to sue.

## THIRD DEFENSE

171.    The Complaint, and each claim alleged therein, is barred as Plaintiffs have waived their claims.

## FOURTH DEFENSE

172.    The Complaint, and each claim alleged therein, is barred as Plaintiffs are estopped from asserting their claims.

## FIFTH DEFENSE

173.    The Complaint, and each claim alleged therein, is barred as Plaintiffs acted and continues to act with unclean hands.

## SIXTH DEFENSE

174.    The Complaint, and each claim alleged therein, is barred as Plaintiffs have not been damaged in any way or at all as a result of any alleged acts or omissions of Defendant.

## SEVENTH DEFENSE

175.    The Complaint, and each claim alleged therein, is barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## EIGHTH DEFENSE

176.    The Complaint, and each claim alleged therein, is barred by reason of Plaintiffs' consent.

## NINTH DEFENSE

177.    The Complaint, and each claim alleged therein, is barred as Plaintiffs have failed to undertake reasonable measures to mitigate the damages they claim to have incurred. Any recovery by Plaintiffs must be diminished to the extent that any alleged damages could have been avoided if such measures had been undertaken.

## TENTH DEFENSE

178.    Defendant is informed and believes, and on that basis alleges, that Plaintiffs would be unjustly enriched if recovery were to be had on this Complaint.

## ELEVENTH DEFENSE

179.    Plaintiffs have not been damaged in any amount alleged, or in any amount whatsoever, and are not entitled to any general, compensatory, statutory, punitive, or other damages or any other relief as a result of any of the allegations set forth in the Complaint.

## TWELFTH DEFENSE

180.    The acts and/or omissions of Plaintiffs excused any alleged act or alleged failure to act on the part of Defendant.

## THIRTEENTH DEFENSE

181.    If Defendant had any alleged obligations or legal dues, which Defendant hereby expressly denies, Defendant has appropriately, completely, and fully performed and discharged any alleged obligations and any alleged legal duties arising out of the matters alleged in the Complaint.

## FOURTEENTH DEFENSE

182.    The damages and injuries, if any, suffered by Plaintiffs were directly and proximately caused solely by the acts or omissions of individuals or entities other than Defendant.

The acts and omissions of such other individuals or entities are superseding or intervening causes of loss or damages, if any, suffered by Plaintiffs. As a consequence thereof, Plaintiffs are barred from recovery against Defendant herein.

## FIFTEENTH DEFENSE

183.    The damages and injuries, if any, suffered by Plaintiffs were directly and proximately caused solely by the reckless, negligent, and wrongful conduct of individuals or entities other than Defendant. As a consequence thereof, Plaintiffs are barred from recovery herein.

## SIXTEENTH DEFENSE

184.    The damages and injuries, if any, suffered by Plaintiffs were directly and proximately caused solely by the intentional misconduct of individuals or entities other than Defendant. As a consequence thereof, Plaintiffs are barred from recovery herein.

## SEVENTEENTH DEFENSE

185.    The Complaint fails to state facts sufficient to permit an award of punitive damages, and any such award would violate due process.

## EIGHTEENTH DEFENSE

186.    The Complaint, and each and every cause of action alleged therein, fails to state any facts supporting any claim for punitive or exemplary damages.

## NINETEENTH DEFENSE

187.    The Complaint, and each and every cause of action alleged therein, is barred in whole or in part because at all material times, Defendant acted in good faith and without malice based upon all relevant facts and circumstances known by Defendant at the time.

## TWENTIETH DEFENSE

188.     Plaintiffs, and their agents, servants, and employees, have failed to bring the causes of action alleged in the Complaint in a timely manner and are therefore barred from recovery against Defendant, in whole or in part, by the equitable doctrine of laches.

## TWENTY-FIRST DEFENSE

189.     Defendant alleges that in the event she is found in some manner legally liable to Plaintiffs as a result of the events or occurrences described in the Complaint, that liability will be solely based upon a derivative, vicarious, or imputed form of liability, not resulting from her own conduct, but instead based upon an obligation imposed upon her by law, or by the conduct of others, and as such the legal liability of Defendant would be proximately caused by the acts or omissions of others and therefore Defendant is entitled to recover contribution from them.

## TWENTY-SECOND DEFENSE

190.     Defendant alleges that in the event she is found in some manner legally liable to Plaintiffs as a result of the events or occurrences described in the Complaint, that liability will be based solely upon a derivative, vicarious, or imputed form of liability, not resulting from her own conduct, but instead based upon an obligation imposed upon her by law, or by the conduct of others, and as such the legal liability of Defendant would be proximately caused by acts or omissions of others and therefore, Defendant is entitled to recover total and complete implied and/or comparable indemnity from them.

## TWENTY-THIRD DEFENSE

191.     Defendant alleges that in the event she is found in some manner legally liable to Plaintiffs as a result of the events or occurrences described in the Complaint, that liability will be based solely upon a derivative vicarious, or imputed form of liability, not resulting from her own

conduct, but instead based upon an obligation imposed upon her by law, or by the conduct of others, and as such the legal liability of Defendant would be proximately caused by acts or omissions of others and therefore, Defendant is entitled to recover total and complete equitable indemnity from them.

## TWENTY-FOURTH DEFENSE

192.    Any injury or damage to Plaintiffs, which Defendant specifically denies, was proximately caused by the negligence, recklessness, or intentional conduct of others who acted as one or more of the Plaintiffs' legal counsel, agents, or representatives. Accordingly, if any liability is found on the part of Defendant, then Defendant's liability to Plaintiffs shall be reduced on the basis of comparative fault.

## TWENTY-FIFTH DEFENSE

193.    Any injury or damage to Plaintiffs, which Defendant specifically denies, was proximately caused by the negligence of Plaintiffs.

## TWENTY-SIXTH DEFENSE

194.    Plaintiffs' alleged damages are too speculative to permit recovery in this case.

## TWENTY-SEVENTH DEFENSE

195.    The Complaint, and each and every cause of action alleged therein, is barred in whole or in part by the doctrine of *in pari delicto*.

## TWENTY-EIGHTH DEFENSE

196.    The Complaint, and each and every cause of action alleged against Defendant therein, fails to allege facts sufficient to allow recovery of attorneys' fees from Defendant.

## RESERVATION OF ADDITIONAL DEFENSES

197.    Defendant presently has insufficient knowledge or information on which to form a belief as to whether she may have additional, as yet unstated affirmative or other defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Melissa Nathan prays for relief as follows:

1.    That the Complaint be dismissed with prejudice, and Plaintiffs take nothing herein;

2.    That judgment be entered in favor of Defendant and against Plaintiffs;

3.    For costs of suit incurred in this action; and

4.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all causes of action so triable.

Respectfully submitted,

**MEISTER SEELIG & FEIN PLLC**

Dated:  March 20, 2025
        New York, NY

By:___*/s/ Mitchell Schuster*_____
        Mitchell Schuster
        Kevin Fritz
        125 Park Avenue, 7th Floor
        New York, NY 10017
        Tel: (212) 655-3500
        Email: ms@msf-law.com
                kaf@msf-law.com

29

Dated:  March 20, 2025
        Los Angeles, CA

**LINER FREEDMAN TAITELMAN
+ COOLEY**


By:_____/s/ Bryan Freedman_____
        Bryan J. Freedman (*pro hac vice*)
        Miles M. Cooley (*pro hac vice*)
        Theresa M Troupson (*pro hac vice*)
        Summer Benson (*pro hac vice*)
        Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
        mcooley@lftcllp.com
        ttroupson@lftcllp.com
        sbenson@lftcllp.com
        jsunshine@lftcllp.com